Don Jarrett, Chief Counsel Johnson County Legal Department 111 S. Cherry, Suite 3200 Olathe, Kansas 66061-3441
Dear Mr. Jarrett:
As chief counsel for Johnson county, you request our opinion regarding the extent of the authority conferred upon the county or district attorney to determine the sufficiency of a question sought to be brought to an election. Specifically, you ask whether the county or district attorney may determine whether a question may legally be placed on the ballot. You also ask whether the proposed question: seeks an advisory election; is misleading or is otherwise improper; or is vague and ambiguous.
Pursuant to K.S.A. 25-3601, a petition seeking to bring to an election a question regarding a tax mill levy for a recreation district was presented to the legal department for Johnson county. On May 21, 1996, the legal department determined the form of the question complied with statutory requirements. After circulation and collection of signatures, the petition was filed with the Johnson county election commissioner. The election commissioner determined the petition contained the requisite number of valid signatures.
The petition is in the following form:
 "PETITION TO PRESENT THE FOLLOWING QUESTION BEFORE THE ELECTORATE OF THE BLUE VALLEY UNIFIED SCHOOL DISTRICT NO. 229 (U.S.D. 229)
"Shall the following be adopted?
 "SHALL THE BOARD OF EDUCATION OF UNIFIED SCHOOL DISTRICT NO. 229 (U.S.D. 229), JOHNSON COUNTY/MIAMI COUNTY, STATE OF KANSAS, AUTHORIZE A REDUCTION IN THE ANNUAL TAX CURRENTLY BEING LEVIED FOR THE OPERATION AND MANAGEMENT OF THE BLUE VALLEY RECREATION SYSTEM IN THE AMOUNT OF 3.485 MILLS EFFECTIVE DECEMBER 31, 1996.
 "The election is sought to be held in the taxing district of the Blue Valley Unified School District No. 229 (U.S.D. 229) Johnson County/Miami County, Kansas."
The petition then includes the required recital and provides space for signatures, addresses, and dates of signatures.
When, under the laws of the state, a petition is required or authorized as a part of the procedure applicable to any county, city, school district, or other municipality, the provisions of K.S.A. 25-3601 etseq. must be followed, except as otherwise specifically provided in the statute providing for such petition. K.S.A. 25-3601. Pursuant to K.S.A.25-3601, the sufficiency of each signature and the number thereof on any petition are to be determined by the county election officer or such other officer as designated in the applicable statute, while the county or district attorney is charged with the duty of issuing an opinion regarding the legality of the form of the question set forth in the petition. Approval of the form of the question by the county or district attorney results in a rebuttable presumption that the form of the question complies with the requirements of K.S.A. 25-3601 et seq. Id.
In Attorney General Opinion No. 81-71, the authority of the county election officer to determine the sufficiency of the question stated on a petition was reviewed. [At the time of issuance of Attorney General Opinion No. 81-71, the provision in K.S.A. 25-3601 providing for an opinion of the county or district attorney regarding the legality of the form of the question did not exist.]
 "Assuming, arguendo, that K.S.A. 25-3601 et seq. do apply, there is nothing in these statutes which would give the county election officer the authority to determine the sufficiency of the question stated in the petition. The statute provides authority to such officer only to determine the sufficiency of each signature and the number of signatures on the petition. While this provision has been interpreted to permit a county election officer to decide that a petition was insufficient for failing to have a recital or to be verified as required by K.S.A. 
25-3602 (See Attorney General Opinion No. 78-40), such determinations can be viewed as mere ministerial duties involving no discretionary judgment. Apart from these ministerial duties, it has long been the law in Kansas that the governing body of the municipality is the proper party to determine the sufficiency of the petition itself, not an election official. In State v. City of Hutchinson, 137 Kan. 231
(1933), the Kansas Supreme Court, in discussing whether a referendum petition had been properly found to be insufficient stated:
 "`While the (city) commissioners may rightly call to their aid the services of the clerk and of others to make an examination of the petition and the election rolls in order to ascertain the number of qualified electors and to find whether those signing the petition were qualified electors, the decision is ultimately with the commissioners.' Id. at 234.
 "This view was accepted in State, ex rel. v. City of Walnut, 165 Kan. 209 (1948) and Graham v. Corporon, 196 Kan. [564] (1966). Thus, since the adequacy of the question stated in the petition in issue was not within the statutory scope of authority, the election commissioner may not decide this issue." Attorney General Opinion No. 81-71 (emphasis added).
Following the rationale set forth in Attorney General Opinion No. 81-71 and the cases cited therein, the governing entity to which the petition is directed possesses the authority to determine the sufficiency of the petition, unless that authority has been expressly conferred by law upon a different official or entity. Since issuance of Attorney General Opinion No. 81-71, the legislature has expressly provided that the county or district attorney is obligated to determine the legality of the form of the question set forth in the petition. See L. 1992, ch. 194, § 2. The county election officer or such other official designated in the applicable statute is charged with the duty of determining the sufficiency of the signatures on the petition. All remaining issues regarding the sufficiency of the petition remain with the governing entity to which the petition is directed.
The extent of the review to be conducted by the county or district attorney regarding the legality of the form of the question is determined by considering the provisions of the amendments enacted in sections 2 and 3 of chapter 194 of the 1992 session laws and the legislative purpose for those amendments. While the requirement that a petition state the question petitioners seek to bring to an election has been included in K.S.A. 25-3602 since its amendment in 1976, see L. 1976, ch. 190, § 1, the failure of petitioners to do so had continually led to determinations that petitions were invalid. See Attorney General Opinions No. 82-230; 85-160; 86-19; 90-64; 90-71; 91-94. In order to clarify the requirement and ensure that petitions were no longer invalidated for failure to comply with the requirement, the legislature adopted the amendments set forth in chapter 194 of the 1992 session laws. Section 2 of the amendment provided:
 "Before any petition other than a recall petition as described in K.S.A. 25-4301 et seq. and amendments thereto, requesting an election in any political or taxing subdivision of the state is circulated, a copy thereof containing the question to be submitted shall be filed in the office of the county attorney of the county or district attorney of the district in which all or the greater portion of the political or taxing subdivision is located for an opinion as to the legality of the form of the question submitted. The county or district attorney shall within five calendar days following the receipt of such question furnish a written opinion as to the legality of the form of the question submitted. There shall be a rebuttable presumption that the form of any question approved by the county or district attorney complies with the requirements of this act." L. 1992, ch. 194, § 2 (emphasis added).
The remaining provisions added in section 2 of chapter 194 required that the county election officer provide to persons requesting such information copies of K.S.A. 25-620 and K.S.A. 25-3601 et seq. Section 3 of chapter 194 was an amendment of K.S.A. 25-3602, requiring that the petition "[s]tate the question which petitioners seek to bring to an election in the form of a question as it should appear upon the ballot inaccordance with the requirements of K.S.A. 25-620 and amendments thereto." L. 1992, ch. 194, § 3 (emphasis denotes new language).
After considering the language of the amendments set forth in chapter 194, it is our opinion that the review by the county or district attorney conducted prior to circulation of the petition should be directed toward the form, rather than the content, of the question the petitioners seek to bring to an election. The opinion required under K.S.A. 25-3601
should address whether the question petitioners seek to bring to an election is in the form of a question, appearing as it should upon the ballot, and includes the language set forth in K.S.A. 25-620. A rebuttable presumption as to these aspects of the question will attach upon approval of the question by the county or district attorney.
In the case of a petition seeking to bring to an election a question regarding reduction of the mill levy for a recreation system, the express role of the county or district attorney ends with the issuance of the opinion regarding the legality of the form of the question.
An election in which a question seeking reduction of the mill levy is presented is to be called and held in the manner provided by the general bond law. K.S.A. 1995 Supp. 12-1927. Pursuant to the general bond law, K.S.A. 10-101 et seq.:
 "Whenever an election is required for the issuance of bonds for any purpose for any municipality other than an irrigation district or where a different procedure for giving notice of the election is specifically provided by law, upon compliance with the legal requirements necessary and precedent to the call for the election, the proper municipal officers shall call an election." K.S.A. 10-120.
The obligation to call the election sought by the petitioners falls upon the board of education for USD 229. See Attorney General Opinion No. 80-34. As the entity to which the petition is directed, the board of education for USD 229 retains the authority to determine whether the question set forth in the petition seeking to bring to election a question regarding a reduction in the mill levy for a recreation system is misleading or ambiguous.
In conclusion, the review of a petition by the county or district attorney conducted prior to circulation of the petition should be directed toward the form, rather than the content, of the question the petitioners seek to bring to an election. The opinion of the county or district attorney required under K.S.A. 25-3601 should address whether the question petitioners seek to bring to an election is in the form of a question, appears as it should upon the ballot, and includes the language set forth in K.S.A. 25-620. A rebuttable presumption as to these aspects of the question will attach upon approval of the question by the county or district attorney. The entity to which the petition is directed retains the authority to determine whether the question set forth in the petition is misleading or ambiguous. Given this determination, we defer to the legal counsel for the unified school district regarding whether the question set forth in the submitted petition is misleading, improper, vague, or ambiguous.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm